## WALLACE TABOR v. URIAS VAN VRANKEN.

*Garnishee not liable after assignment of debt.*

An unaccepted order on a debtor does not create any liability of itself, nor does it change the original liability, and it is a proper auxiliary to aid in an assignment of the debt.

A defense in the nature of a former recovery cannot be set up under the general issue alone.

An assignee's rights cannot be forfeited by a garnishee's action in the assignee's wrong.

A garnishee whose indebtedness has been assigned before the suit, and who has been notified of the assignment after the suit was begun but before his disclosure, is not liable: and if he admits an indebtedness without disclosing his knowledge of the assignment, and pays over the money, he cannot defend on the ground of former recovery if sued by the assignee for the debt.

Error to Berrien. Submitted Nov. 1. Decided Nov. 22.

ASSUMPSIT. Defendant brings error.

*Potter & Potter* for plaintiff in error. An unaccepted order to a debtor does not operate as an assignment of the debt, 1 Pars. N. & B., 331; see *Nat. Bank v. Williams*, 13 Mich., 291; and the debtor cannot be charged upon it unless he accepts it, Comp. L., § 1556; *Elliott v. Miller*, 8 Mich., 132.

*Theo. J. DePuy* for defendant in error.

CAMPBELL, C. J. Van Vranken brought this suit and

39 MICH.—100.

recovered judgment below against Tabor, for a claim of $50 assigned to him by one Thomas Lawrence. The claim was a balance due on a horse trade, and was assigned to Van Vranken in July, 1877. At the time of the assignment Lawrence gave Van Vranken an order on Tabor for $50 payable to bearer. Tabor was notified of the transfer as admitted, early in August, on the 7th or 8th.

On the 2d day of August, suit was brought by one Charles B. Worth against Lawrence, and a garnishee summons was issued against Tabor as a debtor of Lawrence, returnable August 13th. On the return day Tabor appeared and admitted that when the summons was served on him he owed Lawrence fifty dollars payable September 1, on the horse trade. After judgment had been rendered against Lawrence in the principal suit, Tabor paid over the fifty dollars to the justice.

In the present suit Tabor pleaded the general issue without any notice of special defense. On the trial the defense set up was *first*, failure to prove plaintiff's case, and *second*, payment under the garnishee process.

The special count in the declaration very clearly covered the cause of action relied on. The order, being a bill of exchange not accepted created no liability, but it for that very reason did not extinguish or change the character of the original liability, and was not inconsistent with a transfer or assignment of it. And the circuit court very properly held that on a trial there on the merits it was not important what the plaintiff may have relied on in the justice's court, inasmuch as the assigned claim was declared on, and was the basis of recovery, and the only one apparent. If an assignment was really intended the order was a proper auxiliary to aid in completing it.

The defense resting on the garnishee proceedings was properly excluded. It was not set up under the plea, and inasmuch as it was in the nature of a defense of former recovery for the same subject matter, it could

not be shown under the general issue alone. But there was no ground for such a defense. The assignment was known to Tabor before he made his disclosure. He did not see fit to mention it but made an unequivocal admission of his indebtedness to Lawrence as if no such assignment had been made or heard of. Had he mentioned it he would have escaped liability, as he no longer owed the debt to Lawrence. It was his own fault that he was made liable on a debt that he did not owe. *Newell v. Blair*, 7 Mich., 103. The rights of an assignee cannot be forfeited by the action of a garnishee in the assignee's wrong. *Johnson v. Dexter*, 38 Mich., 695.

These are the only questions properly raised on the record.

The judgment must be affirmed with costs.

The other Justices concurred.