# OCTOBER TERM, 1880.*

WILLIAM A. BLAKE, GARNISHEE OF WILLIAM BLASS AND JOHN P. McNAUGHTON v. ALBERT H. HUBBARD.

*Garnishment—Continuance—Abandonment of proceedings by delay—Fraudulent assignments for benefit of creditors—Effect on legal proceedings of rulings in chancery.*

Garnishment proceedings should be speedy; they are not in the ordinary course of law, as they involve consequences that could not otherwise arise at law or in equity.

Garnishment proceedings against an assignee for the benefit of creditors were allowed to rest for two years until plaintiffs had obtained a decree on a bill in aid of execution which they had filed after taking out garnishment process. Plaintiffs then attempted to bring the garnishment issue to a hearing. *Held* that the proceedings in garnishment could not have been kept open without either a formal continuance or some action equivalent to consent by the garnishee; and even consent might not be allowed to cut off intervening rights, as a garnishee cannot waive the rights of other persons.

A fraudulent assignment for the benefit of creditors is not so absolutely void that a creditor's right to complain of it may not be lost by waiver or acquiescence; he cannot attack it until he has in some way acquired a legal standing, and he may let it alone if he chooses to do so.

A judgment creditor took out a writ of garnishment and soon after levied on some lands. The garnishee then made an issue of fact to be tried at law whereby, so far as concerned personalty, the question whether the assignment was fraudulent could be determined. The creditor afterwards filed a bill in aid of his execution. *Held* that the chancery suit could not affect the validity of the proceeding in garnishment, and a final decree by the ● Supreme Court in favor of the creditor could not preclude farther investigation at law as to whether he had not waived his right to complain of the assignment.

The rulings of the Supreme Court in a dispute in equity are not binding in an action at law between the same parties in regard to the same subject matter, so long as the issues are distinct.

* Continued from Vol. 44.

Error to Kalamazoo. Submitted October 27. Decided November 10.

GARNISHMENT. The garnishee brings error. Reversed.

*Edwin M. Irish* and *Brown, Howard & Roos* for plaintiff in error.

*Dallas Boudeman* for defendant in error.

CAMPBELL, J. Hubbard brought an action in March, 1878, in the Kalamazoo circuit upon a promissory note against John P. McNaughton, Flora McNaughton, Moses A. McNaughton, William Blass and Moses J. Mallock, getting service on all but Mallock. The defendants who were served pleaded, and on May 14, 1878, a judgment was rendered, but from the contradictory statements in the record we are unable to say whether it was against them all, or only against Blass and John McNaughton. It does not appear that any of the defendants complained of this judgment on error or otherwise. On the fourteenth of May before mentioned an execution was issued and levied on certain lands which Blass and John McNaughton had assigned to Blake for creditors.

On the 6th of June, 1878, Hubbard filed a bill in chancery against Blake and his two assignors, in aid of this levy, which was ultimately disposed of in this court on appeal, in favor of Hubbard, in April, 1880.

The assignment was made February 12, 1878. On the 3d of May, 1878, an affidavit was sworn to and garnishee process issued against Blake as holding property belonging to Blass and John McNaughton. He denied having any property belonging to them, and on interrogatories disclosed the facts relating to the assignment. On the 3d of June, 1878, he demanded an issue.

After this nothing was done until May, 1880, when Hubbard brought the garnishee issue to hearing, against the exceptions of Blake taken on the trial, and recovered judgment against him. At the time of the trial it appeared that he had in his possession, in addition to cash to a larger amount

than this judgment, about $600 of personal property, and some securities. This disclosure is not printed with the record, and so far as we can determine was never filed. There is nothing to show what personal property the assignee held when garnished.

There was testimony on the trial concerning the estimated value of the land levied on. There was also evidence of two later individual levies, one on McNaughton's interest, and one on Blass' interest in the same lands, and evidence was excluded of another levy against Flora McNaughton, William Blass and John P. McNaughton on a judgment rendered in 1880 upon a note dated in 1879, and garnishee proceedings against Blake under that judgment.

Blake was also precluded from showing that Hubbard had sued out another garnishee process against him, in the same suit now in controversy, on the 9th of April, 1880, which was just after the decision of this court in the chancery case.

As a reason for delay in pursuing the garnishee proceedings earlier, Hubbard affirmed that he understood from his attorney that there was an agreement to keep them open until the chancery case should be decided. No such agreement was proved.

The garnishee statute contemplates speedy proceedings. Its necessary operation is to tie up the hands of the garnishee and subject him to expense and annoyance. It cannot be regarded as a proceeding in the ordinary course, for it involves many consequences which could not otherwise arise either in law or in equity. If such proceedings could be delayed indefinitely it might not only injure the garnishee, but it might also affect other persons who have claims on the property in his hands. It appeared in this case that defendant offered to show subsequent garnishee proceedings commenced before the final decision of the chancery suit, but was not allowed to do so.

The statute, § 6477 of the Compiled Laws, declares that if the plaintiff obtain judgment against the principal defendant and there is not within two days a notice of motion for new trial or that the case will be removed to the Supreme Court,

the statutory issue shall stand for trial at the term of the court, on the docket containing the suit in the order of the formation of such issue. If a jury is demanded the court is to appoint a day unless the jury has been dismissed, and then it is to stand on the jury docket of the next term. Continuances may be granted as in other cases, and the plaintiff is required to see that the case is docketed, and to notify the garnishee. By section 6481 provision is made that if the principal cause is appealed to the Supreme Court and affirmed, the issue in garnishment shall be tried at the end of the next court or term to which the case has been continued, or at the end of that which was in existence at the time of affirmance.

In 1873 a new section was added at the end of the chapter providing that if the principal defendant failed to appear, the plaintiff must perfect his proceedings against him as soon as he can lawfully do so, and in default of this the garnishee proceeding may be ordered discontinued with costs. Sess. Laws 1873, 80.

We think that the cause cannot be kept open without either a continuance in form or some action equivalent to a consent of the garnishee. As the statute of 1873 allows any interested person as well as the garnishee to move for a discontinuance, we are not prepared to say that even the garnishee's consent, after other rights intervene, would cut them off. The general doctrine is that a garnishee cannot waive the rights of other persons. *Tabor v. Van Vranken* 39 Mich. 793. As the bill of exceptions shows no attempt to prove consent by the garnishee, it is to be seen whether the circumstances shown authorized it without positive consent.

The property held by the garnishee did not belong to the principal debtors, and was not so claimed. As to them the assignment was binding. The liability of Blake as garnishee arose, if at all, under Comp. L. § 6498, which allows property conveyed in fraud of creditors to be reached. See *Fearey v. Cummings* 41 Mich. 376; *Farrington v. Sexton* 43 Mich. 454; *Cummings v. Fearey* 44 Mich. 39.

The decisions on the subject of frauds against creditors do not hold fraudulent assignments so absolutely void that the

parties may not lose their right of complaint by waiver or acquiescence. They cannot attack it until they have acquired a legal standing in some way, and they may let it stand if they please.

In the present case it appears that Hubbard sued out his writ of garnishment to reach such property and effects as could be garnished. This was May 3, 1878. On the 14th of May, 1878, he levied on lands. He did not file his bill in aid of the execution levy until after the garnishee defendant had made an issue of fact to be tried at law, under which so far as the personalty was concerned the whole question of fraud could be determined.

The suit in equity could in no way affect the validity of the garnishee proceedings. Whatever effect it had as determining the rules of law for construing the assignment, it could only operate to maintain the levy. The facts which seemed to the court in equity as not affecting Hubbard's right of complaint, might have been quite different as shown to the court or jury in the garnishment issue. The record before us in the chancery suit indicates very clearly that some creditors had accepted the assignment. It might have appeared in the trial at law that Hubbard had done so. Our decision could in no way operate to preclude a further legal investigation on that matter. Our rulings in fact are no further binding on other controversies than if we were jurors, so long as the issues are distinct.

There was no legal reason why the case at law, which was ready for trial before the bill was filed, should not have been tried first. It is not customary to deprive parties of common-law trials on questions which can be dealt with in common-law courts as well as in equity. If this issue had been tried when it was ready for trial, the judgment of this court could probably have been had upon it a year or more in advance of the hearing on the chancery appeal.

We think that unless Blake was a party to this delay, the proceedings must be regarded as abandoned.

For this error the judgment must be reversed with costs and a new trial granted. It does not seem to us that anything

was in the way of the execution sale, or that it interfered of itself with the garnishee proceedings if otherwise valid.

The other questions, except as before referred to, are not important.

The other Justices concurred.