## PAYMENT BY GARNISHEE KNOWINGLY TO ONE WHO HAD ASSIGNED THE CLAIM.

[Circuit Court of Logan County.]

ETTA H. MILLIGAN ET AL V. PLYMOUTH STATE BANK.*

Decided, February Term, 1904.

*Attachment and Garnishment—Payment by Garnishee Upon Order of Court—Where Garnishee Became Aware of Transfer of the Claim After the Order was Made, but Before Payment—Garnishee Still Liable to the Transferee—Title—Notice.*

1. A *bona fide* assignment of a chose in action passes a perfect title to the assignee without notice to the debtor, except to the extent that it is required notice be given to the debtor in order that he may not act ignorantly to his prejudice; failure of the asignee to give such notice is immaterial as against an attaching creditor.

2. In an action in attachment the garnishee is not a proper party, but sustains the relation of a witness; and where an order is made upon him to pay, based upon his original answer, he may interpose any defense he may have against the action; and if knowledge of the transfer of the claim comes to him after the order to pay is made, he may by an amended answer set up a complete and valid defense by alleging a prior assignment of the claim with want of notice and consequent mistake in the original answer.

3. Where a garnishee, before complying with an order to pay or assuming any liability, receives notice of a prior transfer of the claim, and thereafter voluntarily pays into court the amount so ordered, the fact of such payment will not constitute a valid defense, as payment *pro tanto*, in an action brought against him by the assignee of the claim.

MOONEY, J.; DAY, J., and NORRIS, J., concur.

Error to the Court of Common Pleas of Logan County.

In the original action defendant in error was plaintiff and plaintiffs in error were defendants. Their action was upon a note and mortgage. The note was dated July 5, 1902, for $588 with five per cent. interest from date, due on or before July 5, 1902, executed by plaintiffs in error to Ellen and Christopher G. Bollman. On October 25, 1902, the note was assigned for value to defendant in error by the payees. The prayer of the

* Affirming *Plymouth State Bank* v. *Milligan*, 2 N. P.—N. S., 274.

petition was to recover personal judgment on the note for the principal thereof with the interest and to foreclose the real estate mortgage securing the same.

The makers of the note answered and alleged that on July 3, 1903, one Jerome Hollopeter duly commenced an action against Ellen and Christopher Bollman, the payees of said note, before one Robert Dow, a justice of the peace of this county, and in said action an affidavit for attachment was duly filed and the Milligans were made garnishees, and such proceedings were had in said action that on February 20, 1903, the plaintiff therein recovered judgment against defendants therein for $100 and costs, and on the same day said justice of peace ordered said garnishees to pay into court the sum of $112.50 to be applied on said judgment and costs, and, afterward, on June 23, 1903, said justice of peace made another order in said action, ordering and requiring said garnishees to pay into court $115.75 to be applied on the aforesaid judgment and costs, and, afterward, on July 18, 1903, in pursuance of said order of said justice of peace said garnishees did pay to said justice of peace the sum of $115.75. It is further stated that at the time of the commencement of the Hollopeter action and at all times thereafter until after the said payment, the said garnishees were not indebted to the said Bollmans in any "At the time of the said judgment before said justice of peace and of the order of said justice as aforesaid, for them to pay said money into court to apply on the claim and judgment of said Hollopeter, the defendants (the Milligans), nor either of them, had no notice or knowledge that the said note had been assigned by the payees thereof," and that the assignment of the said note and mortgage was never recorded in the recorder's office of Logan county, Ohio, where the mortgaged lands are situated. Wherefore said defendants aver that the payment of $115.75 in the Hollopeter action is a valid part payment of the debt in the petition described and that in consequence there is due upon said mortgage debt $502.87 and no more, which last-named sum defendants tendered to plaintiff before the commencement of this action, which tender was refused, and which amounts defendants at all times since said tender have

been ready and willing to pay. To this answer a general demurrer was sustained and defendants not desiring to plead further, judgment was rendered for plaintiff as prayed in the petition. To reverse this judgment this proceeding in error is now prosecuted.

In support of the judgment of the common pleas it is argued first, that the jurisdiction of the said justice of peace in the Hollopeter action was exhausted by the order made on the garnishees to pay of date February 20, 1903, and that the order of date June 23, 1903, is therefore invalid; second, that even if the justice of peace had *jurisdiction* to make the order still the order is not sustained by the· facts in the case and compliance with it does not amount to part payment of the note sued upon. We do not find it necessary to determine whether the justice of peace had jurisdiction to make the order upon garnishees to pay of date June 23, 1903. It must be conceded that as a matter of mere jurisdiction the justice of peace had power to make *one* order. It is not denied that on February 20, 1903, that officer had jurisdiction to order payment, if the facts in the case warranted such an order. If now the second order is invalid for the reason that the first order exhausted any jurisdiction in that behalf then the first order was one that the justice of peace had jurisdiction to make. This must be so because an ineffectual attempt to exercise a conceded jurisdiction can not *exhaust* jurisdiction.

It seems necessarily to follow that as matter of jurisdiction the justice of peace had power to make the one order *or* the other. If he had power to make the first order and not the second, the garnishees merely paid *more* than they were or could be required by the justice of peace to pay. If the second order was made in the exercise of jurisdiction the amount paid is proper as to amount. In either case the justice of peace had jurisdiction to order some amount to be paid and as an amount was paid, the question is whether such payment was to any extent a part payment of the note.

The answer states a defense whether the amount paid shall be held to be a credit on the note for $110.50 as well as if it be held to be a credit for $115.75. Hence the correctness of

the ruling on the demurrer does not depend upon the mere validity of the second order but does depend upon the validity of either order, and the effect of the compliance by the garnishees with the one that is valid, if either be valid, would be part payment, the extent of the validity in such case as to amount being the measure of the protection to defendant below.

Defendants' answer states in legal effect that at the commencement of the Hollopeter action against the Bollmans the latter did not in fact own any claim against the Milligans; the Milligans were made garnishees in the action and for want of any notice to the contrary they believed that they were indebted to the Bollmans upon the note described in the petition. It seems, although it is not directly stated in the answer, that the garnishees appeared before the justice of peace and made answer that they were so indebted to the Bollmans at the time of service of notice, and the justice of peace acting upon this answer of the garnishees ordered them to make payment as heretofore stated. After both the orders to make payment were entered and before any compliance therewith by the Milligans they received notice and acquired knowledge that at the time they were served with notice as garnishees in the action they were not in fact indebted to the Bollmans, but by reason of an assignment of the note by the payees the same was owned and held by the Plymouth bank.

Having such knowledge and notice the garnishees nevertheless complied with the order of the justice of peace and made payment in the Hollopeter action of $115.75 a part of the indebtedness evidenced by the note then owned and held by the bank. Were the Milligans under the circumstances authorized to obey the order of the justice of peace, and did payment in obedience to such order discharge *pro tanto* the claim against them owned in fact by the bank, are the questions in the case. These questions have not been decided expressly by our Supreme Court and the side lights supplied by our own cases and the cases decided in other jurisdictions in which similar statutes to our own are in force must disclose the proper rule here.

The property sought to be attached was the property of the Bollmans. This property was a debt alleged to be due or owing to the Bollmans by the Milligans. To secure this property and hold it to be applied in satisfaction of any judgment that might be recovered by Hollopeter in his action against the Bollmans notice was served upon the Milligans. The service of this notice did not confer upon the Milligans any right of property in the debt, nor any power of control of the debt, *except in so far as their own protection should require it,* that they did not have before the service of notice upon them. The Milligans could not have waived the service of notice and entered their appearance as garnishees and by such action have given the justice of peace jurisdiction of the debt they owed. *Hebel* v. *Insurance Co.,* 33 Mich., 400; *Blake* v. *Hubbard,* 45 Mich., 1 (7 N. W. Rep., 204); *State* v. *Duncan,* 37 Neb., 631 (56 N. W. Rep., 214).

"Garnishment is a compulsory novation which the law alone can initiate by the intervention of its own substantial appointments.

"If the garnishees had knowledge of the assignment of the debt and failed to make answer of the fact, such failure would not have affected the title of the assignee.

"The rights of an assignee can not be forfeited by action of a garnishee in the assignee's wrong" (*Johnson* v. *Dexter,* 38 Mich., 695, *per* Cooley, J.) Nor by the inaction of the garnishee. *Tabor* v. *Van Vranken,* 39 Mich., 793, *per* Campbell, C. J.

It seems that the failure of the garnishees to give notice to the justice of peace of the fact of assignment can have no different effect in the attachment proceedings so far as the assignee is concerned, when such failure is caused by want of knowledge on the part of the garnishee, than when the failure is due to the negligence of the garnishee having knowledge, unless indeed notice to the debtor of the fact of assignment is necessary to perfect the title of the assignee.

The note described in the petition is non-negotiable and the claim arising thereon is a mere chose of action. The claim however is property and the ordinary incidents of property attached to it. Among these incidents is the right of the owner

to sell it and give title to the purchaser "without waiting for the consent of any other" person. The nature of the property is such however that notice of an assignment is required to be given the debtor in order that he may not act to his prejudice upon the presumption that the claim continues to be held by the original creditor. This notice is required only for the protction of the debtor and one consequence of it is the protection of the assignee against the equitable results of the action of the debtor without notice. Except as between the debtor and the assignee, and then only to the extent indicated, a *bona fide* assignment of a chose in action without notice to the debtor passes a perfect title to the assignee. As against one claiming the assignor as creditor the failure of the assignee to give notice of an assignment is immaterial, for the right of the creditor does not rise higher than that of his debtor, the assignee. *Thaver* v. *Daniels*, 113 Mass., 129; *Williams* v. *Ingersoll*, 89 N. Y., 508; *Noble* v. *Oil Co.*, 79 Pa. St., 354 (21 Am. Rep., 66).

In *Dix* v. *Cobb*, 4 Mass., 508, 512, Parsons, C. J., says:

"An attachment creditor can not stand on a better footing than his debtor (if the assignment be not fraudulent as to creditors), and if he attaches any property of his debtor, it must be attached subject to all lawfully existing liens created by his debtor. And consequently if his debtor have no equitable interest in a chose in action, the creditor can not acquire any by his attachment. Therefore the want of notice in the trustee (garnishee) will not defeat the assignee's interest in this debt in favor of an attaching creditor."

It follows, therefore, that defendants below can urge the want of notice to them of the assignment only if and to the extent that they have acted to their prejudice in the absence of notice.

They appeared and made answer as garnishees without notice of the assignment; and they were ordered to make payment before they received notice; they did not comply with the order until after notice of the assignment was given them.

In *Secor* v. *Witter*, 39 Ohio St., 218, it is said:

"The order of a justice is not a judgment charging the garnishee. It does not determine the ultimate rights of the par-

ties. It can only be enforced by action as in other cases. In legal effect it is an assignment of defendant's right in the claim to the plaintiff, and authorizes him to sue thereon in his own name.    *    *    *

"In such an action the garnishee may interpose any offset or defense he may have against the action, notwithstanding the order of the justice, and no judgment should be rendered against him that will not be a protection against the rights of third persons."

It is not doubted that in many states the statutes make the garnishee a party in the attachment suit and the practice in such jurisdictions is to proceed against the garnishee in the original action and in a proper case recover personal judgment against him in that action. Such is not the practice in Ohio. To the attachment action the garnishee sustains the relation of a witness (Sections 6500 and 6502, Revised Statutes); while an order to pay may be based upon his answer (Section 6503, Revised Statutes); yet his liability to the plaintiff in attachment may be enforced against him in the absence of or contrary to his answer (Section 6504, Revised Statutes).

The fact or the substance of the answer of the garnishee is therefore not of controlling effect upon any right or remedy of the plaintiff in attachment and we have seen that the action or inaction of the garnishee can not of itself affect any right or impair any interest of the assignee. When Hollopeter commenced his action he sought to attach a debt due the Bollmans. There was in fact no such debt. Hollepeter thought there was, but he was simply misaken. The Milligans thought there was; they also were mistaken. The justice of peace upon consideration of the garnishee's answer made an order to pay the debt due the Bollmans into court. The justice of peace was mistaken. The effect of the order would be to transfer the property in any such debt if it had existence. The order was without effect; there was no debt to transfer.

At this juncture knowledge of the mistake reached the Milligans. The Milligans had then incurred no personal liability nor sustained any loss or prejudice by acting upon reliance of their mistaken belief. The assertion by the assignee of his real title

to the debt would visit no loss, impose no liability, or in any manner prejudice any right of the Milligans. Hollopeter had in fact taken nothing by his attachment action and while he would be benefited by carrying out the mistaken order, he has no legal right to insist that the mistake should not then be corrected. If when informed of the assignment, the Milligans had refused to obey the order of the justice of peace, and if the plaintiff in attachment had brought suit to enforce it, the garnishees might "interpose any defense they may have against the action notwithstanding the order of the justice." Can it be doubted that an answer stating the prior assignment, the want of notice, and the consequent mistake in the answer before the justice would be a defense to the action. We think not.

With knowledge of this former mistake defendants below voluntarirly paid to Hollopeter a fund which at the time of payment they knew belonged to the bank and to which they must have known Hollopeter had no right or title. If loss results from this payment the loss in morals and in law should fall upon the Milligans and not upon the bank.

The court of common pleas so held and its judgment must be affirmed.

*Hamilton Bros.* and *J. A. Price,* for plaintiffs in error.

*E. P. Chamberlain,* for defendant in error.