HOFFMAN v. PROFESSIONAL UNDERWRITERS.

1. GARNISHMENT—DISCLOSURE DENYING LIABILITY—TRIAL OF ISSUE.
   Where garnishee defendant, by disclosure, denies facts contained in affidavit for writ, statutory issue must be framed for trial of question of garnishee's liability.

2. SAME—SUMMARY JUDGMENT.
   Garnishment procedure is not modified by statute in relation to summary judgments (3 Comp. Laws 1929, §§ 14867, 14868).

3. SAME.
   Where garnishee defendant, by disclosure, denied liability, plaintiff's motion for summary judgment was properly denied.

Appeal from Wayne; Webster (Arthur), J. Submitted November 17, 1931. (Calendar No. 36,045.) Decided January 4, 1932.

Garnishment proceedings by Eleanor Hoffman against Professional Underwriters, a Michigan reciprocal insurance company, garnishee defendant. From order denying motion for summary judgment, plaintiff appeals. Affirmed.

*Louis Starfield Cohane* and *Regene Freund Cohane* (*Lester S. Smith,* of counsel), for plaintiff.

*Rodgers & Dunn* and *Douglas, Barbour, Desenberg & Schaeffer,* for garnishee defendant.

POTTER, J. Plaintiff recovered judgment, in an action at law, based upon the negligence of the principal defendant, in the sum of $2,800. She instituted

garnishment proceedings against defendant herein. Disclosure denying liability was filed by the garnishee defendant. Plaintiff moved for summary judgment against the garnishee defendant. This motion was opposed. The trial court denied plaintiff's motion, and refused to enter summary judgment. Plaintiff appeals. The trial court was right.

The statute provides the affidavit for the writ of garnishment shall be held and considered as a declaration by plaintiff against the garnishee defendant. If the garnishee defendant, by disclosure, denies the facts contained in the affidavit, a statutory issue must be framed for the trial of the question of the garnishee's liability. A judgment may be taken against the garnishee defendant where his liability is admitted, and the garnishee defendant may have a trial of the cause as in other civil cases. 3 Comp. Laws 1929, § 14867. Where a judgment has been rendered in the principal action in favor of plaintiff before the commencement of garnishment proceedings or the framing of the statutory issue, such issue shall be brought to trial in the same manner as a personal action. 3 Comp. Laws 1929, § 14868. In case judgment shall not have been so recovered in the principal action, such statutory issue shall stand for trial at the term at which the issue against the principal defendant shall be tried and finally disposed of. 3 Comp. Laws 1929, § 14868. If plaintiff fails to recover in the principal action, the garnishee defendant is entitled to judgment upon the statutory issue. 3 Comp. Laws 1929, § 14868.

These and other provisions of the statute in relation to garnishment provide the procedure to be followed, and this procedure is not modified by the statute in relation to summary judgments. Sum-

mary judgment is provided for in garnishment itself. This statutory procedure must be followed, if it is to be made available. Affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.