JOY *v.* TWO-BIT CORPORATION.

1. GARNISHMENT—DELAY.

The actual interval of time between the commencement of the principal case or the issuance of the writ of garnishment and the framing of the issue on either action is not necessarily controlling in determining whether or not plaintiff was guilty of unreasonable or unexplained delay as the question of such delay must always be considered in the light of the circumstances of the case.

2. SAME—STATUTES—GARNISHEE'S LIABILITY—DELAY.

The statute relative to garnishment contemplates a speedy determination of the garnishee's liability, and any considerable delay by plaintiff, not consented to or acquiesced in by the garnishee, will be cause for a dismissal of the proceedings against him (3 Comp. Laws 1929, § 14857 *et seq.*).

3. CALENDAR—WAYNE COUNTY—PLACING CASE ON TRIAL DOCKET.

In Wayne county after a case is fully at issue a notice from either party would place the case upon the trial docket (3 Comp. Laws 1929, § 14257; Third Circuit Court Rules, part 1, rule 3).

4. GARNISHMENT—DELAY—ACQUIESCENCE.

Defendant in principal action who filed his answer while plaintiff was still attempting to get service of process on other defendants *held*, to have acquiesced in plaintiff's delay in procuring writs of garnishment where it is admitted that several months after filing of such answer the cause could have been dismissed as to those parties against whom alias summons had been issued and returned unserved and such defendant neither præciped the principal case for trial nor sought an early hearing (3 Comp. Laws 1929, §§ 14257, 14900; Third Circuit Court Rules, part 1, rules 3, 4).

5. PROCESS—SUPERVISORY CONTROL—ABUSE.

Courts have supervisory control over the use of process and the power, either on application or on their own motion, to prevent abuse thereof.

6. GARNISHMENT—SUCCESSIVE WRITS—ABUSE OF PROCESS—DISCLOSURES—SPECIAL INTERROGATORIES.

The issuance of successive writs of garnishment in an action on an express contract was not an abuse of process where disclosure on first writ indicated that there was a possibility that money was due from another garnishee upon whom service had been faulty and third writ was obtained against latter garnishee after determination by trial court that one of the principal defendant's interests in such garnishee was not subject to garnishment and plaintiff's submission of special interrogatories as permitted by statute upon which plaintiff demanded a trial of the statutory issue (3 Comp. Laws 1929, §§ 14859, 14868).

7. SAME—TIME OF TRIAL OF STATUTORY ISSUE.

The time of trial of statutory issue in garnishment proceedings ancillary to action on a contract is governed by 3 Comp. Laws 1929, § 14868.

8. SAME—TRIAL OF ISSUE ON SECOND WRIT—GARNISHABLE FUNDS.

Plaintiff in garnishment proceedings ancillary to action on contract is entitled to determination of question raised by special interrogatories and answer and demand for trial of statutory issue on second writ of garnishment, to determine whether or not fund in hands of garnishee was subject to garnishment, in accordance with statute, where disclosure on first writ indicated that there was a possibility money was due principal defendant from another party sought to be garnisheed but upon whom service was faulty (3 Comp. Laws 1929, § 14867, as amended by Act No. 182, Pub. Acts 1937, § 14868).

9. COURTS—JURISDICTION—SUBJECT-MATTER.

Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases to which the particular case before it belongs and does not depend on whether the particular case is one that presents a cause of action or, under the particular facts, is triable before the court in which it is pending because of some inherent facts which exist and may be developed during the trial.

10. GARNISHMENT—JURISDICTION—SUBJECT-MATTER.

Summary dismissal of writs of garnishment because of lack of jurisdiction of subject-matter was improper, where the circuit court had jurisdiction over that class of cases of which the proceeding involved was a member, a trial of the issues had

been asked and it might or might not be shown at the trial that the property in question was subject to garnishment as of dates of the writs, as plaintiff was entitled to his day in court on the question (3 Comp. Laws 1929, §§ 14858, 14859, 14867, as amended by Act No. 182, Pub. Acts 1937, § 14868).

Appeal from Wayne; Keidan (Harry B.), J. Submitted October 14, 1938. (Docket No. 115, Calendar No. 40,189.) Decided December 22, 1938. Rehearing denied February 1, 1939.

Garnishment by William M. Joy against Two-Bit Corporation, a Michigan corporation, Edward P. Turner, James A. Bent, William Moore, Fred W. Grundman, James H. Hill, George W. Pitts, R. K. Lee and R. E. Kelley, jointly and severally, principal defendants, and Detroit Bank, Commonwealth Commercial State Bank, Manufacturers National Bank of Detroit, National Bank of Detroit and Chrysler Corporation, a foreign corporation, garnishee defendants. From orders dismissing successive writs of garnishment as to garnishee defendant Chrysler Corporation for sum alleged to be owed principal defendant Lee, plaintiff appeals. Reversed and remanded.

*Lewis & Watkins (John R. Watkins* and *William F. Fratcher,* of counsel), for plaintiff.

*Rich & Willis (Samuel S. Willis,* of counsel), for defendant Lee.

BUSHNELL, J. This is an appeal from two circuit court orders. The first, dated April 21, 1938, dismissed a writ of garnishment issued on October 16, 1937, against Chrysler Corporation and released and discharged the garnishee defendant; the other, dated April 28, 1938, released the same garnishee defendant from the effect of a writ dated January 20, 1938.

On January 12, 1937, plaintiff began a personal action against defendants upon an express contract, claiming damages in the sum of $63,894.30. On the same date plaintiff filed an affidavit for writ of garnishment before judgment against the Detroit Bank, the Commonwealth Commercial State Bank, the Manufacturers National Bank of Detroit, the National Bank of Detroit, and the Chrysler Corporation. All of the banks, except the Manufacturers National Bank, made a disclosure of no indebtedness and the Manufacturers disclosed that R. K. Lee, one of the defendants, and Florence L. Lee (his wife) had borrowed $3,000 on a 30-day note, maturing February 3, 1937, and secured by a certificate for 150 shares of Chrysler Management Trust, the certificate for same being registered in the name of R. K. Lee. The bank said that it did not know who was the owner of the shares and it demanded a trial of the statutory issue. This disclosure was filed on January 29, 1937. On July 14, 1937, the parties stipulated that the service made upon the Chrysler Corporation on January 13, 1937, by delivery of a copy of the writ of garnishment to R. K. Lee, might be quashed and held for naught, and that the default entered against the Chrysler Corporation might be set aside and the proceedings discontinued as to Chrysler Corporation. An order was entered in accordance with this stipulation.

On June 15, 1937, a motion was made for an order directing the Manufacturers National Bank to release to the principal defendant, R. K. Lee, the certificate for 150 shares of Chrysler Management Trust on the theory that such property was not garnishable under the statute. On September 27th an order was entered releasing this property for delivery to Lee. This was followed with a motion to set aside the order and for a rehearing. A counter-motion was filed by the bank and plaintiff's

motion to set aside the order was denied on October 20th.

On October 16th plaintiff secured another writ of garnishment before judgment against the Chrysler Corporation, which was properly served. Chrysler filed a disclosure on November 4th, denying liability and claiming no indebtedness to Lee. Special interrogatories were filed by plaintiff on November 10th and 15th, to which answers were made on November 19th, and plaintiff, on November 22d, filed a demand for trial of the statutory issue against Chrysler. In January of 1938 a motion and an amended motion to dismiss were filed by Lee, who appeared specially, and, on January 20th, plaintiff filed another affidavit for writ of garnishment before judgment against Chrysler. The disclosure filed February 9th says that, at the time of service of this last writ, Chrysler Corporation was indebted to Lee for royalties in the sum of $312.68. On April 25th, Lee again appeared specially and moved to dismiss the garnishment proceedings pending against Chrysler Corporation and, in particular, to release Chrysler from any liability resulting from the mutual dealings between Lee and Chrysler in relation to the so-called Chrysler Management Trust, and to quash the service of the writ issued on January 20th, and the writ itself.

The several motions assert that the successive garnishments were brought for the purpose of harassing and embarrassing Lee, with full knowledge of the fact that any claim which he might have had against Chrysler was neither due nor payable at the time of the writ, that a previous order had released the fund as not being subject to garnishment, and that the garnishments were for the purpose of circumventing any decision which might be entered by the circuit court upon a motion to dismiss the writ

issued on October 16th. It was also claimed that the
"institution of the garnishment proceedings" con-
stituted an abuse of process. Unreasonable delay
and other arguments were advanced in support of
the claim of abuse of process. The trial court filed
a written opinion in which it was pointed out that,
following the entry of the order on September 25,
1937, granting the motion to release the trust cer-
tificate on the ground that it was not subject to
garnishment, the Manufacturers bank still retained
possession of the instrument until 20 days after the
denial of a petition for rehearing. The court was
of the opinion that the question of lack of jurisdic-
tion over the subject-matter, *viz.,* the interest of Lee
in the Chrysler Management Trust, might properly
be raised by motion, citing Court Rule No. 18 (1933),
3 Comp. Laws 1929, § 14858, as amended by Act
No. 182, Pub. Acts 1937 (Stat. Ann. 1938 Cum. Supp.
§ 27.1856), and a number of authorities. The court
discussed at length the provisions of the Chrysler
Management Trust indenture and held that the
interest of the defendant in the Chrysler Manage-
ment Trust was an interest in a common-law trust
which could not be the subject of garnishment
process; that among these provisions it was pro-
vided that the beneficiary must, within one year after
the termination of his employment, transfer his cer-
tificate to the Chrysler Corporation and that "upon
such surrender and transfer and assignment, the
corporation will pay," et cetera. Lee terminated his
employment with the Chrysler Corporation on
July 1, 1937, and the court held that, at the time
of the service of the writ issued on October 16, 1937,
the certificate had not been transferred or assigned
and defendant Lee could not have at that time main-
tained any action against the garnishee defendant,
and, therefore, "plaintiff's writ of garnishment was

unavailing.'' The court quoted from *Blake* v. *Hubbard,* 45 Mich. 1, on the subject of improper delay in garnishment proceedings on the part of plaintiff and held that there had been an unexplained delay of at least nine months, and that plaintiff, ''through successive steps and writs has tied up the property of the defendant and then without prosecution of those proceedings, has taken fresh steps to continue the process.'' The court said that to sanction the procedure of plaintiff would be to encourage the oppressive use of a harsh remedy and, under the rules laid down in *Erb-Kidder Co.* v. *Levy,* 262 Mich. 62, and *Tsingos* v. *Michigan Packing Co.,* 272 Mich. 7, there was an abuse of the court's process.

The facts presented by this appeal do not justify the conclusion that there was either an unreasonable or unexplained delay on the part of plaintiff. The actual interval between the commencement of the principal case or the issuance of the writ of garnishment and the framing of the issue on either action is not necessarily controlling. A charge of delay must always be considered in the light of the circumstances of the case. What may be too long under one set of facts may not be of sufficient length under another.

In *Kiely* v. *Bertrand,* 67 Mich. 332, 333, the court said:

''The act contemplates a speedy determination of the garnishee's liability, and any considerable delay by plaintiff, not consented to or acquiesced in by the garnishee, will be cause for a dismissal of the proceedings against him. *Blake* v. *Hubbard,* 45 Mich. 1.''

A notice from either party would have placed the principal case upon the trial docket after it was fully at issue. *Sayre* v. *Railway Co.,* 199 Mich. 414, 421,

3 Comp. Laws 1929, § 14257 (Stat. Ann. § 27.986), and part 1, rule 3 of the Third Judicial Circuit.

Lee's answer was filed on February 13th, when plaintiff was still attempting service on other defendants, and it is admitted that, after May of 1937, the cause could have been dismissed as to those parties against whom an alias summons had been issued and returned unserved. Plaintiff argues in its brief that a Federal injunction had affected the situation, but we cannot consider this as that matter does not appear in this record. Defendant, notwithstanding the statutory provision for the filing of a bond to release garnishment (3 Comp. Laws 1929, § 14900 [Stat. Ann. § 27.1898], and *Tsingos* v. *Michigan Packing Co., supra*), could have sought an early hearing under part 1, rule 4 of the Third Judicial Circuit. Lee neither præciped the principal case for trial nor sought an early hearing and, therefore, he acquiesced in the delay.

Although courts have supervisory control over the use of process and the power, either on application or on their own motion, to prevent abuse thereof, *Tsingos* v. *Michigan Packing Co., supra,* we do not agree with the trial judge that the issuance of successive writs in the instant case was "the oppressive use of a harsh remedy," and, therefore, an abuse of process. In the *Erb-Kidder Case, supra,* the issuance of successive writs was held to be an abuse of legal process because they were without justification in that plaintiff had tied up money under void writs and, without prosecution of such writs, attempted to tie up more money. The situation in the instant case is different. Disclosure by the Manufacturers National Bank of Detroit, in response to the first writ of garnishment, indicated that there was a possibility that money was due Lee from the Chrysler Corporation, which was also named as a defendant

in this writ. The writ failed as against Chrysler because of faulty service and there was no impropriety in the issuance of another against Chrysler. Plaintiff accepted, without appeal, the determination of the judge, who found that Lee's interest in the Chrysler Management Trust, as represented by the certificate held by the bank, was not subject to garnishment. The order entered as a result of this determination only affected the garnishment then pending against the Manufacturers National Bank of Detroit and did not determine the liability of Chrysler Corporation, because no garnishment was in effect against it at this time, nor was it included within the terms of the order.

Plaintiff claims that he learned, during the pendency of defendant Lee's motion to dismiss, that Lee's employment by Chrysler terminated on June 15, 1937, and gives that circumstance as his reason for not appealing from the order dismissing the bank garnishment. It is plaintiff's theory that the Chrysler indebtedness thereafter became garnishable and a writ properly lay against Chrysler rather than the bank.

When plaintiff filed such a writ against Chrysler he was met with a disclosure of no indebtedness and, as permitted by statute (3 Comp. Laws 1929, § 14859 [Stat. Ann. § 27.1857]), submitted special interrogatories, which were answered by Chrysler and upon which plaintiff demanded a trial of the statutory issue. 3 Comp. Laws 1929, § 14868 [Stat. Ann. § 27.1866]). Plaintiff, because of Chrysler's disclosure of no indebtedness and its answers to the interrogatories, was confronted with the possibility of an eventual determination that there was no indebtedness due Lee by Chrysler at the time of the service of the second writ. Plaintiff then secured another writ of garnishment against Chrysler on

January 20, 1938, which resulted in a disclosure of a money indebtedness.

The garnishment matter was then at issue and the time of its trial was controlled by 3 Comp. Laws 1929, § 14868 (Stat. Ann. § 27.1866). Plaintiff was entitled to a determination of the question raised by the interrogatories and answer and his demand for trial of the statutory issue on the second garnishment in accordance with the provisions of 3 Comp. Laws 1929, § 14867, as amended by Act No. 182, Pub. Acts 1937, § 14868 (Stat. Ann. 1938 Cum. Supp. § 27.1865, Stat. Ann. § 27.1866). The essence of this question was whether or not the property in the hands of the Chrysler Corporation was subject to garnishment. The trial court, in considering Lee's motion to dismiss, said that the indebtedness, if any, arose out of a common-law trust and, therefore, was not subject to garnishment. That determination should have been made upon the kind of trial provided in 3 Comp. Laws 1929, § 14867, as amended by Act No. 182, Pub. Acts 1937 (Stat. Ann. 1938 Cum. Supp. § 27.1865). Plaintiff was not bound to make out a case before the trial, which the statute permitted, especially when there were disputed questions. The steps taken by plaintiff were neither illogical nor improper and, under the circumstances, there was no abuse of process.

It is also claimed that the order of dismissal was correct because of the court's lack of jurisdiction over the subject-matter of the garnishment.

"Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before

the court in which it is pending, because of some inherent facts which exist and may be developed during the trial." *Richardson* v. *Ruddy,* 15 Idaho, 488, 494, 495 (98 Pac. 842).

See, also, *Hunt* v. *Hunt,* 72 N. Y. 217 (28 Am. Rep. 129).

The circuit court had jurisdiction over that class of cases of which this suit is a member. It may or may not be shown at the trial that the property in question was subject to garnishment as of the dates of the writs, but plaintiff was entitled to his day in court on this question. A trial of the issues had been asked and the facts disclosed by this record do not justify a summary dismissal of the writ. *Recor* v. *Commercial & Savings Bank of St. Clair,* 142 Mich. 479 (5 L. R. A. [N. S.] 472, 7 Ann. Cas. 754) ; *Borderland Coal Sales Co.* v. *Wayne Circuit Judge,* 228 Mich. 198 ; *Brotherton Co.* v. *Jackson,* 231 Mich. 604.

The several orders of the trial court are vacated and the cause remanded for further proceedings. Costs to appellant.

BUTZEL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred with BUSHNELL, J.

WIEST, C. J. (*concurring*). The statutory issue, having been framed, commanded trial and precluded the dismissal granted.

Whether, upon the trial of such issue, plaintiff can or cannot prevail under the facts then disclosed and law applicable thereto may not now be considered.

I, therefore, concur in the reversal.

BUTZEL, J., concurred with WIEST, C. J.