CURBY v. MASTENBROOK.

1. GARNISHMENT—STATUTES.

   The garnishment statutes are complete in themselves (3 Comp. Laws 1929, § 14857 *et seq.*).

2. SAME—STATUTES—SUMMARY JUDGMENT.

   After demand for trial of the statutory issue in garnishment proceedings, defendant may not be required to file an affidavit of

merits under the summary judgment statute since the statutes governing garnishment are complete in themselves, providing their own summary judgment and other procedure which must be followed (3 Comp. Laws 1929, §§ 14260, 14857 *et seq.*).

3. SAME—TRIAL OF STATUTORY ISSUE—DISMISSAL.
 After a demand for trial of the statutory issue in garnishment proceedings, dismissal would be error (3 Comp. Laws 1929, § 14857 *et seq.*).

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted June 5, 1940. (Docket No. 25, Calendar No. 41,115.) Decided September 6, 1940.

Garnishment proceedings by Sophie Curby against Ernest Mastenbrook and another, principal defendants, and Auto Owners Insurance Company, a Michigan corporation, garnishee defendant. Plaintiff demanded a trial of the statutory issue, and later filed a motion for summary judgment. From an order to file affidavit of merits, defendant appeals. Reversed, and order vacated.

*William J. Balgooyen* (*Frank E. Wetmore,* of counsel), for plaintiff.

*Joseph T. Riley,* for defendants.

BUSHNELL, C. J.    After obtaining a judgment against the principal defendants (see *Curby* v. *Mastenbrook,* 288 Mich. 676), plaintiff secured a writ of garnishment against garnishee defendant, Auto Owners Insurance Company. The latter filed a disclosure denying liability. Plaintiff then filed special interrogatories to which the garnishee made answer, and demanded trial of the statutory issue. Subsequently, plaintiff filed a motion for summary judgment. This was met by objections to the entry of summary judgment and by a motion to dismiss plaintiff's application.

The objections were that the garnishment matter was at issue and ready for trial and that a question of fact was involved which required the taking of both written and oral proofs. Defendant further claimed that the statutory garnishment procedure is not modified by the statutes relating to summary judgment.

Upon consideration of these motions, the trial court ordered the garnishee defendant to file an affidavit of merits and serve a copy upon the attorney for plaintiff. From this order the garnishee defendant appeals.

Appellee insists that summary judgment in a garnishment cause is expressly authorized by the language of 3 Comp. Laws 1929, § 14260 (Stat. Ann. § 27.989), which reads in part:

"At any time after any cause arising upon contract or judgment, or statute shall be at issue, upon motion of the plaintiff, * * * the court shall enter a judgment in favor of the plaintiff, unless the defendant shall prior to, or at the time of hearing said motion, make and file an affidavit of merits."

The garnishment statutes (3 Comp. Laws 1929, § 14857 *et seq.* [Stat. Ann. § 27.1855 *et seq.*]) are complete in themselves. In *Hoffman* v. *Professional Underwriters*, 256 Mich. 622, the court affirmed an order denying a motion for summary judgment and said:

"These and other provisions of the statute in relation to garnishment provide the procedure to be followed, and this procedure is not modified by the statute in relation to summary judgments. Summary judgment is provided for in garnishment itself. This statutory procedure must be followed, if it is to be made available."

The fact that special interrogatories were not filed in the *Hoffman Case* does not make the reasoning of

that case inapplicable here. See, also, *Joy* v. *Two-Bit Corporation,* 287 Mich. 244, where it was held erroneous to dismiss garnishment proceedings after a demand for trial of the statutory issue.

The court was in error in ordering defendant to file an affidavit of merits. The order is vacated and the cause is remanded for further proceedings not inconsistent with this opinion. Costs to appellant.

SHARPE, CHANDLER, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred. The late Justice POTTER took no part in this decision.