## NICHOL *v.* NEVERS.

1. GARNISHMENT—JURISDICTION—RESIDENCE OF GARNISHEE.

   The circuit court of one county is not deprived of jurisdiction in garnishment proceedings merely because a garnishee corporation may be a resident of another county than that in which the principal action is brought.

2. SAME—AFFIDAVIT—NONRESIDENT—GARNISHEE — EFFECT OF DISCLOSURE.

   An affidavit for a writ of garnishment to a county other

than that in which the principal action is brought is defective where it does not specify whether the garnishee is a resident of such other county or a foreign corporation.

3. APPEAL AND ERROR—RECORD—QUESTION PRESENTED.

A garnishee cannot object on appeal to the jurisdiction of the court where he is served with summons in a county other than that in which the principal action is brought but respects the writ and makes disclosure, as he thereby submits to the jurisdiction of the court, if an act of submission is necessary.

4. GARNISHMENT—JURISDICTION—APPEAL AND ERROR.

A garnishee cannot object on appeal to the authority of the court to require the production of its books and papers in court, where the record does not disclose that it is a nonresident of the county wherein the principal action is brought and judgment against it rendered in garnishment.

5. SAME—AFFIDAVIT FOR DEFAULT.

The affidavit of default in a garnishment proceeding stating that the garnishee had failed to appear before the court or produce its books or submit to an examination "as required by the order of said court," was sufficient, although the order stated that the garnishee should appear at the office of the circuit judge.

6. SAME—NOTICE OF DEFAULT—JUDGMENT.

Notice of a garnishee's default after service or of assessment of damages is unnecessary, and judgment may be entered on motion.

7. SAME—MANDAMUS—MOTIONS—APPEAL AND ERROR.

Mandamus does not lie to compel a circuit court to grant a motion to set aside a judgment by default against a garnishee, but the validity of such judgment may be determined on appeal from the record.

8. SAME—AFFIDAVIT OF MERITS—MOTIONS—NEW TRIAL.

An affidavit of merits should accompany a motion to set aside a judgment by default against a garnishee, considered as a motion for a new trial or in arrest of judgment.

9. APPEAL AND ERROR—SETTING ASIDE JUDGMENT—DISCRETION.

The allowance of a motion to set aside a judgment against a garnishee is addressed to the sound discretion of the trial court.

Error to Ionia; Davis, J. Submitted January 15, 1917. (Docket No. 136.) Decided May 31, 1917.

Garnishment proceedings by John Nichol, receiver of the Citizens' Mutual Fire Insurance Company, against Stiles Brothers Company as garnishee of Wilbur Nevers, principal defendant. Judgment for plaintiff and said garnishee brings error. Affirmed.

*Alfred R. Locke*, for appellant.

*R. A. Colwell* and *John Nichol*, for appellee.

OSTRANDER, J. What is involved is the validity of a judgment rendered against the garnishee defendant, Stiles Bros. Company, upon its default, February 26, 1916, for $40.53 and costs. The circuit court refused, upon motion of the garnishee, to set the judgment aside. Whether the judgment is a good one must be answered by the record. As appears by the record, John Nichol, as receiver, etc., recovered a judgment against defendant Wilbur Nevers in the circuit court for the county of Ionia, on April 12, 1913, for the sum of $13.42 damages and for costs, later taxed at the sum of $22.10. It was a default judgment, defendant having been personally served with process, but not having appeared or pleaded. On August 9, 1915, the said John Nichol made an affidavit for a writ of garnishment, which affidavit he filed August 14, 1915, and in which he sets up the fact of the judgment; that it is unpaid; and that Stiles Bros. Company, a corporation, "located in the State of Michigan," has property, etc., belonging to the principal defendant and is indebted to said principal defendant. In this affidavit, the home or principal office, or place of business, of Stiles Bros. Company, is not stated. Whether it is a domestic or foreign corporation is not stated. Apparently, this affidavit secured

the issuance on August 16, 1915, of a writ of garnishment out of the circuit court for Ionia county, directed to the sheriff of Kent county, commanding him to warn and summon Stiles Bros. Company to appear and make disclosure on August 31, 1915, touching the liability of said Stiles Bros. Company as garnishee of said Wilbur Nevers, etc. The writ is not found in the printed record, but is printed as Exhibit A in the brief for appellee. It is assumed, because it is not questioned, that the record is in this respect infirm and that it may be treated as thus supplied. How and when this writ was served is not disclosed. However, the president of Stiles Bros. Company, or some one so describing himself, made and verified a written disclosure and filed it September 13, 1915, in which an indebtedness of said company to the principal defendant, in the sum of $7.50, on August 23, 1915, was admitted. In the same style, an amended disclosure was filed September 22, 1915, in which any liability or indebtedness is denied and in which it is stated that Nevers was indebted to the garnishee defendant on August 23, 1915, "at the time when the writ of garnishment in said cause was served. * * * " Plaintiff demanded an examination of Stiles Bros. Company before the circuit judge of said circuit court for Ionia county on September 13, 1915, at 1 o'clock in the afternoon, and served Stiles Bros. Company with notice of the demand by delivery to the president of the company in the county of Kent on September 8, 1915.

Nothing further appears until in November, 1915, when an affidavit was filed by the attorney for plaintiff, setting up that on October 19, 1915, the affidavit of the said plaintiff was filed in the cause, and an order of court made requiring the garnishee defendant to appear before said court on October 30, 1915, and to submit to an examination and to produce books

and papers, and that, in serving notice of such affidavit and order, by a clerical error the day for appearance was made to read October 20th instead of October 30th. The affidavit asks for an order requiring the garnishee defendant to appear "before said court" at a time to be fixed in the order by the court. The circuit judge thereupon made an order dated November 11, 1915, that the garnishee defendant appear "before me at my office in the city of Ionia, * * *" on November 30, 1915, at 10 o'clock a. m., etc. This order was served at Grand Rapids November 19, 1915, upon the secretary of Stiles Bros. Company. An affidavit of the attorney for plaintiff, made December 29, 1915, sets up the failure of the garnishee to appear "before said court at his office" on November 30, 1915, and to produce books there. Then on motion of plaintiff, default of the garnishee for not appearing and submitting to examination was entered, and on February 26, 1916, judgment was rendered for plaintiff against the garnishee defendant for $40.53, besides costs to be taxed.

I have thus stated what, according to the printed record before the court, is the record of the judgment sought to be set aside. The printed record does contain other matter which was brought to the attention of the trial court upon the motion to set aside the judgment against the garnishee defendant. It was shown, for example, that, after securing the judgment against the principal defendant, the plaintiff, before bringing the action in garnishment, sold the assets of the defunct corporation remaining uncollected and by order of the court transferred them and was discharged as receiver. So, also, it was shown by affidavits that counsel representing counsel for the garnishee defendant learned that the circuit judge was absent from Ionia on November 30, 1915, and was in the city of Detroit, and advised the garnishee that

it would be useless for the garnishee to go to Ionia or to send any of its officers there. The certificate of the circuit judge to the so-called bill of exceptions contains the following matter, the meaning and effect of which I do not understand:

"I hereby further certify that, at the time of the argument of the motion to set aside said judgment, I said I thought, as I remembered, I was in Detroit holding court, and said circuit judge hereby returns that he, the said circuit judge, said at that time he was absent from the city of Ionia on the 30th day of November, A. D. 1915, and was holding court in the city of Detroit, and there was no other circuit judge present at the city of Ionia or holding court thereat on the said 30th day of November, 1915."

Coming to reasons, based upon the record of the judgment, urged against its validity, it is said the court had no jurisdiction because the garnishee defendant was a resident of Kent county. This fact does not appear in the record of the judgment, and, if it did, would not deprive the circuit court for the county of Ionia of jurisdiction in the garnishment proceeding. 3 Comp. Laws, § 10636 (5 How. Stat. [2d Ed.] § 13472, 3 Comp. Laws 1915, § 13157). It is said no authority appears for issuing the writ to the sheriff of Kent county, and undoubtedly the affidavit for the writ of garnishment should specify when a garnishee defendant resides in another county, or is a foreign corporation. 2 Green's Michigan Practice (3d Ed.), § 1454. Otherwise, no reason would appear, of record, for directing the writ to the sheriff of a county other than the one in which the suit is pending. But the garnishee defendant respected the writ and made a disclosure, submitting itself, if an act of submission was necessary, to the jurisdiction of the court. It is said that the court had no authority to require a Kent county resident to appear and produce books and papers in Ionia county. I have point-

ed out that the record of the judgment does not disclose that the garnishee defendant was a resident of Kent county.

The affidavit of default states that the garnishee defendant failed to appear "before said court or produce its books, or submit to an examination, as required by the order of said court." It is urged that, because the garnishee was ordered to appear before *the circuit judge at his office*, the affidavit does not make out a default. This is, I think, too technical an objection, although advanced in a proceeding which is a harsh one and in which jurisdiction is retained by rather strict observance of procedure. The order for appearance had been duly served and speaks for itself. The affidavit refers to the particular order and its nonobservance.

Finally, it is urged that no notice was given of the default or of the assessment of damages. The theory of the objection is that a party who has appeared in an action is entitled to notice of all subsequent proceedings, and, in this case, filing of the disclosure constituted an appearance. The objection is not good. There was no appearance of the garnishee defendant in the proceeding which followed the filing of the disclosure. That proceeding is most like the one instituted by the issuing and service of the second summons in justice's court. It is true that a disclosure by a garnishee defendant, answers to interrogatories, and testimony given on personal examination, may each of them be, and each of them is, treated as a plea, and the affidavit for the writ is treated as a declaration. But, when the garnishee has been defaulted for want of answers to interrogatories or failure to appear for examination, it has been the practice to enter judgment on motion. 1 Stevens' Michigan Practice, §§ 110, 111.

An application was made to this court for an order requiring the circuit court to grant the motion to set aside this judgment, and the order was refused because mandamus was not the proper remedy. The judgment existed, good or bad, and its validity could be determined on appeal by an examination of the record. It is now urged, however, as ground of error, that the circuit court refused to grant the motion. I have reached the conclusion that the judgment, upon the record thereof, is a good one and cannot be reversed. Treating the motion to set aside as one for a new trial, or in arrest of judgment, it was not accompanied by an affidavit of merits and, if it was, is addressed to the sound judicial discretion of the trial court.

The judgment is affirmed.

KUHN, C. J., and STONE, BIRD, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred.