WEISS-KEMNITZ CO. *v.* EHLERT.

1. JUSTICES OF THE PEACE — JURISDICTION — SETTING ASIDE DISMISSAL.

There are circumstances in which a justice of the peace would be justified in setting aside dismissal of a case and assuming jurisdiction.

2. GARNISHMENT—STATUTORY REMEDY—STATUTE MUST BE STRICTLY FOLLOWED.

Garnishment proceedings supplement the common-law

[1]Justices of the Peace, 35 C. J. § 259; [2]Garnishment, 28 C. J. §§ 2, 232; Justices of the Peace, 35 C. J. § 206.

method of enforcing judgments, are special and statutory, and the statute must be strictly followed.

3. JUSTICES OF THE PEACE — JURISDICTION LOST WHERE STATUTE NOT FOLLOWED—JUDGMENT VOID.

Where the garnishee defendant failed to appear and make disclosure on the return day in a case wherein the judgment against the principal defendant had become a finality, the justice, by adjourning the case on the third day thereafter, instead of rendering judgment for plaintiff, as required by 3 Comp. Laws 1915, § 14392, lost jurisdiction, and the judgment entered by him on the adjourned day was therefore void.

4. JUDGMENT—COLLATERAL ATTACK.

An action to recover the amount paid under a judgment in garnishment proceedings in justice's court, void because at the time it was rendered the justice had lost jurisdiction, is not open to the objection that it is a collateral attack.

Error to Wayne; Richter (Theodore J.), J.   Submitted October 4, 1927.   (Docket No. 14.)   Decided December 1, 1927.

Assumpsit in justice's court by Weiss-Kemnitz Company against Walter Ehlert and others, individually and as Ehlert, Green & Gentner, a copartnership, for the amount of a void judgment in garnishment proceedings.   There was judgment for plaintiff, and defendants appealed to the circuit court.   Judgment for plaintiff.   Defendants bring error.   Affirmed.

*Floyd W. Cone,* for appellants.

*C. W. Videan,* for appellee.

McDONALD, J.   The plaintiff had judgment against the defendants in the circuit court of Wayne county for $474.50.   The controversy grew out of an attempt of the defendants, Ehlert, Green & Gentner, a copartnership, to collect by garnishment a justice's court

---

[3]Justices of the Peace, 35 C. J. § 213 (Anno); [4]Judgments, 34 C. J. § 834; Justices of the Peace, 35 C. J. § 220 (Anno).

judgment against one Godfried Klenk. An affidavit of garnishment was filed, and on the same day a summons based thereon was issued and served on Weiss-Kemnitz Company, the present plaintiff. Weiss-Kemnitz Company, the garnishee defendant, filed no disclosure and did not appear on the return day of the summons, which was July 1, 1925. The cause was adjourned until July 6, 1925, at which time the garnishee defendant not appearing, it was dismissed, but on motion of plaintiff was reinstated and adjourned until July 9, 1925. On the adjourned date, the garnishee defendant did not appear and judgment was entered for the plaintiff in the sum of $452.50. On the 15th of July, 1925, execution was issued and placed in the hands of a constable. He went to the store of Weiss-Kemnitz Company for the purpose of making a levy. To avoid a levy and the closing of its business, the company paid the constable the amount of the judgment. He turned the money over to Ehlert, Green & Gentner, who receipted for the same on the docket of the court. Subsequently, on the theory that the judgment against it was void, Weiss-Kemnitz Company began this suit to recover the money so paid. It received a judgment which the defendants seek to review by writ of error.

The plaintiff's right to recover rests on the claim that the garnishment judgment was invalid. It is claimed that it was invalid for two reasons: *first,* because the justice dismissed the cause on July 6, 1925, and thereafter had no jurisdiction to render a judgment; and, *second,* because the provisions of section 14392, 3 Comp. Laws 1915, were not complied with, in that the judgment was not rendered on the third secular day after the return day of the writ.

As to the first reason, viz., that the justice lost jurisdiction of the cause by dismissing it, the record is not sufficiently definite to enable us to determine whether it was properly reinstated. There are circumstances

in which a justice would be justified in setting aside the dismissal and assuming jurisdiction.     *Hodges* v. *Bagg*, 81 Mich. 243.

We are told that the dismissal was set aside on verbal motion, but why, how, or when, and under what circumstances, we are not informed.     But it is not necessary to further discuss that question; for we believe that the judgment was invalid for the second reason stated.

The applicable statute, section 14392, 3 Comp. Laws 1915, provides as follows:

"If said corporation shall not so appear or so answer, if a judgment shall have been obtained against said principal defendant, and the time for taking an appeal therefrom shall have expired, and if no appeal shall have been taken, such corporation shall be held to be indebted to the defendant in the original suit to the amount of the judgment against the principal defendant, unless within three days after the return day of such summons, such corporation shall appear and show a sufficient reason to the satisfaction of the justice for having failed to answer such summons, and the justice shall thereupon on the third secular day render judgment against such corporation as against other garnishees, for the amount of such debt and with like effect; but on such cause being shown, such officer may make disclosure and be examined as other garnishees and proceedings thereafter shall be the same as though answer had been made within the time limited therefor." * * *

In the instant case, Weiss-Kemnitz Company, the garnishee defendant, had been served with summons but did not file its disclosure and failed to appear on the return day.     Judgment had passed against the principal defendant.     The time to appeal had expired. The judgment had become a finality.     The return day of the writ was July 1, 1925.     As the garnishee defendant did not appear and answer, it was deemed by statute to be indebted to the defendant in the original suit to the amount of the judgment.     It was then

the duty of the justice to hold the cause open for three days to enable the garnishee defendant to come in and show why it had not obeyed the summons. As it failed to take advantage of the three days of grace, on the third day the justice ought to have rendered a judgment against it.

"And the justice shall thereupon on the third secular day render judgment against such corporation as against other garnishees, for the amount of such debt and with like effect."

Instead of following the directions of the statute, the justice adjourned the cause for five days to July 6th, and again to July 9th. Garnishment proceedings supplement the common-law method of enforcing judgments. They are special and statutory and must be strictly followed. In failing to render judgment on the third secular day after the return day of the summons, the justice lost jurisdiction of the cause and the judgment rendered thereafter was void. And as it was void for jurisdictional reasons, there is no merit in the defendant's contention that this suit is a collateral attack on the judgment. *Woods* v. *Wark*, 235 Mich. 90, and cases therein cited. The plaintiff is entitled to a judgment.

The judgment is affirmed, with costs.

SHARPE, C. J., and BIRD, FLANNIGAN, FELLOWS, WIEST, and CLARK, JJ., concurred.

The late Justice SNOW took no part in this decision.