WAYNE PROBATE JUDGE, *for use and benefit of* VOSS, *v.* BUDNICK.

1. EXECUTORS AND ADMINISTRATORS—ACCOUNTING—ISSUE OF FACT.
   Issue as to whether executor made proper accounting of moneys received as proceeds of mortgage given by estate is one of fact in suit against sureties on his bond given pursuant to 3 Comp. Laws 1929, §§ 15848–15850, as amended by Act No. 77, Pub. Acts 1931.

2. SAME—PROBATE BOND—FINAL ACCOUNT—PRINCIPAL AND SURETY.
   Sureties on bond given by executor pursuant to 3 Comp. Laws 1929, §§ 15848–15850, as amended by Act No. 77, Pub. Acts 1931, upon mortgaging estate property are liable for such amount as may be shown to be a deficit in executor's final account of such moneys.

3. Same — Final Account — Deficit — Interest — Principal and
  Surety.

  Default in payment by executor of moneys found due estate en-
    titles it to recover from sureties on his bond interest at five
    per cent. per annum on deficit from date of his final account.

4. Same—Probate Bonds—Principal and Surety—Res Judicata—
  Statutes.

  Liability of sureties on executor's bond to account for proceeds
    of mortgage given by estate is not *res judicata* because of
    order entered by probate court after hearing on executor's
    final account where sureties were not before probate court for
    lack of proper notice and question was not before said court
    for adjudication nor because of subsequent order of probate
    court authorizing suit on the bond, proceedings on such bonds
    being statutory (3 Comp. Laws 1929, § 15932 *et seq.*).

5. Witnesses—Cross-Examination.

  Cross-examination of residuary legatee in suit against sureties on
    executor's bond *held*, not unduly restricted, where such cross-
    examination as was permitted disclosed witness had no knowl-
    edge on the subject.

Appeal from Wayne; Searl (Kelly S.), J., presiding. Submitted January 17, 1934. (Docket No. 98, Calendar No. 37,388.) Decided March 6, 1934.

Assumpsit by Wayne Probate Judge, for the use and benefit of Rose Voss, administratrix *de bonis non* of the estate of Rosalia Kutny, against Ralph A. Budnick, principal, and Anthony Stefanowski and Ralph B. Wilkinson, sureties, on a probate bond. Discontinued as to defendant Budnick. Judgment for plaintiff as to defendant sureties. Defendant sureties appeal. Modified and affirmed.

*Vincent P. Dacey,* for plaintiff.

*Wilkinson, Lowther & O'Connell,* for defendants.

NORTH, J. While serving as the executor of the estate of Rosalia Kutny, Ralph A. Budnick, one of

the defendants herein, was licensed by the probate judge to consummate a real estate mortgage loan for $3,500 for the purpose of paying debts, charges and expenses of the estate. Incident to consummating such real estate loan the executor gave a statutory bond ordered by the probate judge in the penal sum of $3,500. (See 3 Comp. Laws 1929, §§ 15848–15850, as amended by Act No. 77, Pub. Acts 1931.) This bond ran to the probate judge and was conditioned that the executor should "apply and account for all the moneys" received incident to the mortgage loan, and should "dispose of the same according to law." Defendants Stefanowski and Wilkinson were sureties on the bond. Plaintiff herein is the residuary legatee of the estate. She brought this suit claiming a defalcation by the executor of the funds obtained by this mortgage loan. The suit was dismissed as to the executor for lack of service of process. Upon trial before the circuit judge without a jury plaintiff had judgment against the sureties for the full amount of the bond, and they have appealed.

Appellants' brief presents this one question:

"Is the statutory bond given by an executor of an estate in probate court upon the mortgaging of real estate security for moneys received by the executor in his general capacity, the proceeds of the mortgage being properly used and accounted for?"

Consideration of the briefs and oral arguments by counsel clearly discloses that the quoted question does not accurately state the issue presented on appeal. Appellee does not claim that the bond in question secures the estate against misappropriation of "moneys received by the executor in his general capacity." Instead appellee agrees with appellants that the bond in suit is given only to

secure a faithful disposition of and accounting for the money obtained by the real estate mortgage. Whether the executor did so account is clearly an issue of fact, and we review it as such.

The proceeds of the loan, $3,500, were received by the executor August 9, 1928. The loan was authorized upon a showing that he had no funds, or at least insufficient funds, to care for existing and accruing expenses of administration. The probate court authorized consummation of the real estate mortgage after a hearing incident to which such necessity was found to be a fact and so adjudicated by the court. Starting with this determination, we review the executor's account for the purpose of ascertaining, if possible, whether the whole or any portion of the $3,500 was used incident to the administration of the estate.

The account discloses that during the month of August, 1928, and subsequent to the receipt of the $3,500, there was an income of $20. Disbursements during the month of August on or subsequent to the date of the loan total $406.04. Deducting the $20 income of the estate leaves a balance of $386.04. It would seem to be a fair inference that this amount was paid by the executor out of the $3,500 received on the mortgage loan. The executor continued to serve until the month of June, 1930. His account as filed and accepted by the probate court discloses items of income and items of disbursement from month to month. Some months the income exceeded disbursements, while in other months disbursements exceeded income. On the whole the executor's account for the remaining portion of his term of service is such that it is difficult if not impossible to draw any fair conclusion as to the source of the funds with which from time to time he met the

obligations of the estate. But the account does disclose that between the months of September, 1928, and June, 1930, the disbursements exceeded the income in the amount of $775.08. The only apparent source from which the executor derived the funds with which to pay this $775.08 is the proceeds of the mortgage loan; and we think it quite conclusively appears that to that extent he has also accounted for the funds received from this loan. On the other hand, accepting the account as filed and approved in the probate court, it just as conclusively appears that an honest accounting for the total of the $3,500 borrowed would have resulted in the executor's having cash on hand amounting to the difference between $3,500 and the two items above noted ($386.04 and $775.08) or $2,338.88. He did not possess and was not able to turn over this balance to the estate. Therefore the sureties should be held to be liable on the bond for this deficit. Further, this deficit should have been paid over by the executor as on the date of his final accounting, December 5, 1931. Default in such payment entitles the estate to also recover from the sureties interest computed at five per cent. per annum from that date. We think the circuit judge was in error in finding the sureties liable for an amount in excess of that indicated. The case will be remanded to the circuit court with direction to vacate the judgment heretofore entered and to enter judgment in accordance herewith.

We are unable to agree with appellee's contention that the liability of the sureties on the bond in question was fixed by the order of the probate judge made upon the hearing of the executor's final account. The order then entered was not *res judicata* of such liability. The sureties were not brought by proper notice before the probate court incident to

the hearing on the executor's final account. The liability of the sureties on the bond given incident to the real estate loan was not then before the court for adjudication. This situation was not altered by the fact that the order of the probate judge contains some recitals relative to the real estate mortgage loan and the misappropriation of such funds by the executor. Nor was such liability adjudicated by the subsequent order of the probate court authorizing suit on the bond involved in the instant case. Prosecution of probate bonds is statutory. See 3 Comp. Laws 1929, § 15932 *et seq.*

"It is further contended that the order of the probate court granting leave to sue the bond is *res judicata* of the defendant's liability. But this court has held otherwise." *Perkins* v. *Cheney,* 114 Mich. 567 (68 Am. St. Rep. 495), citing numerous cases.

See, also, *Robbins, for the use of Wood,* v. *Burridge,* 128 Mich. 25.

It is asserted in appellants' brief that the trial court committed error in refusing or restricting cross-examination of the residuary legatee by which appellants sought to show proper expenditure of the mortgage loan money by the executor. Cross-examination of this character was permitted and disclosed that the witness had no knowledge on the subject. The scope of such cross-examination was not unduly restricted. This appeal is disposed of in the manner above indicated, with costs to appellants.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.