WALDEN *v.* GREEN.

1. GARNISHMENT—STATUTES.
   Garnishment proceedings are statutory (3 Comp. Laws 1929, § 14857 *et seq.*).

2. SAME—BASIS FOR WRIT.
   The only basis for a writ of garnishment is a proper showing that the garnishee defendant is indebted to the principal defendant, who, in turn, is indebted to the plaintiff (3 Comp. Laws 1929, § 14857).

3. SAME—JURISDICTION.
   The jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted (3 Comp. Laws 1929, § 14857 *et seq.*).

4. SAME—HEIRS—ADMINISTRATORS—BANKS.
   Judgment creditor of one of the heirs of an estate *held,* not entitled to writ of garnishment as to funds held by garnishee defendant, a bank, to the credit of the administrator of the estate as the principal defendant could not successfully maintain an action against the garnishee defendant (3 Comp. Laws 1929, § 14857 *et seq.*).

5. SAME—STATUTES.
   In the absence of statutory authority so to do, a plaintiff resorting to garnishment, after having obtained a judgment against his debtor, cannot extend it beyond the debtor of his debtor.

Appeal from Montcalm; Hawley (Royal A.), J. Submitted June 17, 1937. (Docket No. 20, Calendar No. 39,442.) Decided December 14, 1937.

Garnishment proceedings by W. E. Walden, receiver of the Peoples State Bank of Sheridan,

against Jesse S. Green, administrator of the estate of Jane Newton Crego, deceased, principal defendant, and Dowagiac National Bank, garnishee defendant. Judgment for plaintiff against garnishee defendant. Garnishee defendant appeals. Reversed.

*Brake, Davis & Miel,* for plaintiff.

*Asa K. Hayden,* for garnishee defendant.

NORTH, J. John J. Springsteen is one of nine distributees of the estate of Jane Newton Crego, deceased. Plaintiff is a judgment creditor of Springsteen. In the suit in which the judgment against Springsteen was obtained, garnishment proceedings were instituted and a judgment therein taken against Jesse S. Green as administrator of the Crego estate. The judgment against the garnishee defendant was not paid. Thereafter, August 31, 1936, plaintiff, receiver, filed in the original suit against Springsteen another affidavit for garnishment; but this affidavit set up only that the Dowagiac National Bank then had in its possession property, money, goods, chattels, etc., "belonging to the said Jesse S. Green, as administrator of the estate of Jane Newton Crego." Nothing is said in this affidavit for garnishment that the garnishee defendant has in its possession money or property or credits belonging to Springsteen. In other words the affidavit makes no claim that the Dowagiac National Bank, as garnishee defendant, has in its possession any property, money or credits belonging to the principal defendant.

The plaintiff had judgment in the circuit court against the Dowagiac National Bank, as garnishee defendant; and the bank has appealed. Because it is a jurisdictional question, since the case was sub-

mitted in this court, briefs have been requested as to the right or power of the trial court to render a valid judgment against the appealing garnishee defendant.

Garnishment proceedings are statutory. *Foster* v. *Kent Circuit Judge,* 116 Mich. 285. The statutory provisions will be found in 3 Comp. Laws 1929, § 14857 *et seq.* Without quoting the statute, reference to it discloses that the only basis for a writ of garnishment is a proper showing that the garnishee defendant has property, money, credits, etc., "belonging to the defendant or any or either of the defendants * * * and that the principal defendant is justly indebted to the plaintiff," etc. No such affidavit appears in this record as a basis of the judgment against the appealing garnishee defendant. Instead the only showing in support of the garnishment is that appellant has property, money or credits, *etc.,* in its possession "belonging to the said Jesse S. Green, as administrator of the estate of Jane Newton Crego." No showing is made that the appellant had in its possession property, money or credits belonging to the "principal defendant," John J. Springsteen. The attempted garnishment proceedings from which this appeal is taken were not within the provisions of the statute and cannot be sustained.

"By the great weight of judicial opinion, the jurisdictional test for garnishment is the suability of the garnishee defendant by the principal defendant in the jurisdiction where the garnishment is instituted." *H. Williamson, Ltd.,* v. *Phinney-Walker Co.,* 247 Mich. 645.

It is too clear for argument in the instant case that Springsteen (principal defendant) could by no means have successfully maintained a suit against

the Dowagiac National Bank, garnishee defendant. The bank owed him nothing. Practice similar to that attempted in the instant case was also attempted in *Illinois Central R. Co.* v. *Weaver,* 54 Ill. 319, and the court said:

"In our view of the statute, and of the practice under it for many years, we are of the opinion that the plaintiff in an action, resorting to garnishment, after having obtained a judgment against his debtor, cannot extend it beyond the debtor of his debtor."

To the same effect, see *Jones* v. *Huntington,* 9 Mo. 249, and *Wolf* v. *Tappan & Co.,* 5 Dana (35 Ky.), 361.

In appellee's brief the case of *Sperling* v. *Calfee,* 7 Mont. 514 (19 Pac. 204), is cited in support of the contention that by subsequent garnishment money or property in the possession of a debtor of a garnishee defendant may be reached. The Montana decision seems to be based on a statutory provision or at least on statutory construction which permits such practice. It is stated in the opinion of the Montana court:

"The proceedings against * * * (debtors of the garnishee defendant) for the purpose of reaching assets in the hands of those corporations belonging to Lynde & Co. (garnishee defendant), were authorized by the same law which subjected property and debts, owing by Lynde & Co. to Calfee (defendant in the principal suit) to an execution against the latter. * * * The writ of execution, and the proceedings supplementary to execution, provided by our statute, are more comprehensive and searching than the writ of attachment, and many things can be lawfully done under the former which cannot be done under the latter."

If the Montana decision is justified by the statute of that State it cannot be accepted as authoritative

in a jurisdiction wherein no such statutory proceeding is provided. On the other hand if the decision is not justified by the statute of Montana, we must decline to accept it as sound.

It appears on the face of this record that the circuit court was without jurisdiction in the case in which Springsteen was the principal defendant to garnishee the Dowagiac National Bank upon a showing which disclosed no liability whatever on the part of such bank to the defendant in the principal suit. For that reason the judgment must be reversed, with costs to appellant.

FEAD, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.