HYMA v. HIPPLER.

1. SHERIFFS AND CONSTABLES—OFFICERS.
   A sheriff is a public officer.

2. SAME—GARNISHMENT—MORTGAGES—PUBLIC OFFICER.
   Sheriff who retained money belonging to mortgagor, judgment debtor of plaintiff, after sale of mortgaged premises and taking out of the amount of the mortgage, costs and expenses, retains such money as a public officer and is not subject to garnishment by reason of having such money in his hands (CL 1948, § 682.37).

Appeal from Livingston; Salmon (Marvin J.), J., presiding. Submitted October 8, 1952. (Docket No. 24, Calendar No. 45,008.) Decided December 9, 1952.

REFERENCES FOR POINTS IN HEADNOTES
[1] 47 Am Jur, Sheriffs, Police, and Constables §§ 3–5.
[1] Policemen as public officers. 84 ALR 309.
[2] 4 Am Jur, Attachment and Garnishment § 142.
[2] Garnishment as suit within rule that State may not be sued without its consent. 114 ALR 261.

Action by Albert Hyma against Alfred Hippler, principal defendant, with garnishment against Loren E. Bassett, deputy sheriff. Judgment for garnishee defendant. Plaintiff appeals. Affirmed.

*E. Reed Fletcher,* for plaintiff.

*Wilfred H. Erwin* and *Van Winkle & Van Winkle,* for garnishee defendant.

BOYLES, J. Plaintiff Hyma brought suit against defendant Hippler by writ of attachment issued out of the circuit court for Livingston county, and simultaneously caused a writ of garnishment to be issued and served on garnishee defendant Bassett. The writ of attachment was not served, but subsequently plaintiff caused a summons to be issued out of said court and served personally on defendant Hippler. A default judgment was later entered against Hippler for $6,000, for nonappearance.

In the meantime the garnishee defendant Bassett filed a disclosure stating that as sheriff of said county he had sold a certain described parcel of real estate on a mortgage foreclosure sale, had delivered a sheriff's deed to the purchaser, and that after the amount of the mortgage, costs and expenses had been taken out of the sale price there remained $1,719.99. Counsel apparently concede that this money in the custody of the sheriff belonged to the principal defendant Hippler.

Thereupon plaintiff took proceedings in said court against garnishee defendant Bassett seeking to obtain judgment against him in the garnishment case for the money in his custody. Bassett contested on the ground that the money was in his possession as a public officer, received by him as sheriff, consequently not subject to garnishment by reason of CL 1948, § 628.37 (Stat Ann § 27.1891), which provides:

"No person shall be adjudged a garnishee in either of the cases following, to-wit:

"1. By reason of any money or thing received or collected by him as sheriff or other officer, by force of an execution or other legal process, in favor of the principal defendant;

"2. By reason of any money in his hands as a public officer, for which he is accountable, merely as such officer, to the principal defendant."

The circuit judge held that the statute applied and dismissed the garnishment. Plaintiff appeals.

Appellant relies on *Walden v. Crego's Estate,* 288 Mich 564. But in that case the garnishment was against a garnishee defendant as the administrator of an estate and the question was not raised as to whether he was a public officer within the meaning of the above-quoted statute. There is no room for doubt but that a sheriff is a public officer and that this money was in Bassett's hands as such.

Appellant claims that inasmuch as the sheriff had delivered the deed and "taken out" of the sale price the amount of the mortgage, costs and expenses, the remainder was subject to garnishment. This would mean that the money was no longer "money in his hands as a public officer, for which he [was] is accountable, merely as such officer, to the principal defendant." There is no room in the statute for thus changing the status of the sheriff from a public officer to that of a mere individual, without further liability as sheriff. In point, see 94 ALR, p 1049.

Affirmed.

Adams, C. J., and Dethmers, Butzel, Carr, Bushnell, Sharpe, and Reid, JJ., concurred.