PEASE v NORTH AMERICAN FINANCE CORPORATION

1. COURTS—JURISDICTION—SUBJECT MATTER—ABSTRACT POWERS—
   GARNISHMENT—COLLATERAL ATTACK.

   Subject-matter jurisdiction is the right of a court to exercise
   abstract judicial power over a class of cases of the kind or
   character of the one pending; once a court has properly decided
   to exercise its jurisdiction over a garnishment proceeding and
   has determined that funds are subject to garnishment, its
   decision, even if in error, is binding until attacked directly and
   may not be attacked collaterally.

2. CONSTITUTIONAL LAW—DUE PROCESS—GARNISHMENT—KNOWLEDGE
   OF RIGHTS—NOTICE—OPPORTUNITY—COUNSEL.

   A defendant failed to make a meritorious showing that she was
   denied due process of law in an action of garnishment where,
   though she may not have known all of her legal rights, she was
   given proper notice of the action and an opportunity to be
   heard and did not acquire legal counsel until after the court
   ordered her funds to be paid to the plaintiff.

Appeal from Ingham, James T. Kallman, J.
Submitted January 6, 1976, at Lansing. (Docket
No. 22771.) Decided May 27, 1976. Leave to appeal
applied for.

Complaint in district court by Barbara Pease
against North American Finance Corporation to
recover funds transferred under a garnishment
order. Summary judgment for defendant. Plaintiff
appealed to circuit court. Affirmed. Plaintiff ap-
peals by leave granted. Affirmed.

*David W. Sinclair,* for plaintiff.

REFERENCES FOR POINTS IN HEADNOTES
[1] 6 Am Jur 2d, Attachment and Garnishment § 13 *et seq.*
[2] 6 Am Jur 2d, Attachment and Garnishment § 558.

*Delmer R. Smith,* for defendant.

Before: DANHOF, P. J., and V. J. BRENNAN and M. J. KELLY, JJ.

DANHOF, P. J. On November 30, 1973, the district court granted the defendant's motion for summary judgment. On November 18, 1974, the circuit court affirmed the decision of the district court. The plaintiff now appeals by leave granted.

In an earlier suit, the defendant obtained a default judgment against the plaintiff for the balance due on a note that the plaintiff had co-signed. As a judgment creditor, the defendant then got a writ of garnishment, which it served on the plaintiff's bank, the garnishee defendant of the earlier action. Upon receiving the writ, the bank transferred the funds from the present plaintiff's account to its garnishment account and sent a letter to the plaintiff notifying her of the action taken. On October 10, 1973, the district court entered a garnishment order directing these funds to be paid to the defendant. Between the receipt of the letter from the bank and the above order by the district court, the plaintiff took no action.

On November 9, 1973, the plaintiff brought the present action seeking to recover the funds transferred to the defendant. The plaintiff's claim is that the funds in her bank account were aid to dependent children (ADC) funds which she had deposited there and, as such, they are inalienable by garnishment under the statute. At a later hearing, the district court granted the defendant's motion for summary judgment for the reason that the garnishment order could not be collaterally attacked.

The first issue on appeal is whether the district court correctly granted the defendant's motion for

summary judgment for the reason that the earlier action may not be collaterally attacked.[1]

The present motion should have been labeled a motion for accelerated judgment as the plaintiff's claim was dismissed on the ground that it was barred by a prior judgment. DCR 116.1(5). However, this error may not be deemed reversible.

The plaintiff argues that under the relevant statutes the district court was without subject-matter jurisdiction in the previous action.

MCLA 600.4011(5); MSA 27A.4011(5) reads as follows:

"No garnishment proceedings are to be commenced if the commencement of such proceedings is forbidden by a statute of this state."

MCLA 400.63; MSA 16.463 is set forth as follows:

"All aid, relief or assistance given under this act shall be absolutely inalienable by any assignment, sale, garnishment, execution or otherwise, and in the event of bankruptcy, shall not pass to or through any trustee or other person acting on behalf of creditors."

MCLA 600.4011(5); MSA 27A.4011(5) states that proceedings are not to be commenced if forbidden by statute. MCLA 400.63; MSA 16.463 does not forbid the commencement of proceedings. However, it does exempt certain property from garnishment. The distinction is quite important. No

---

[1] The district court also stated another ground for granting the defendant's motion for summary judgment. The court said that the monies were no longer public assistance proceeds, but funds in the bank. "They have been converted from one to the other." If this was to say the monies were no longer obviously public assistance proceeds, we agree. However, if the district court was indicating that the monies had lost their exempt status once and for all, we disagree.

one would argue that the plaintiff is immune from garnishment proceedings altogether. Proceedings may be commenced against her. It is only after such proceedings are commenced, a writ is issued, and disclosure is made by the garnishee that the nature of the funds becomes important because of the exemption under MCLA 400.63; MSA 16.463.

The case law provides further guidance on the question of subject-matter jurisdiction.

In dealing with a similar issue in another garnishment case, *Joy v Two-Bit Corp,* 287 Mich 244, 253–254; 283 NW 45 (1938), stated:

> "It is also claimed that the order of dismissal was correct because of the court's lack of jurisdiction over the subject-matter of the garnishment.
>
> " 'Jurisdiction over the subject-matter is the right of the court to exercise judicial power over that class of cases; not the particular case before it, but rather the abstract power to try a case of the kind or character of the one pending; and not whether the particular case is one that presents a cause of action, or under the particular facts is triable before the court in which it is pending, because of some inherent facts which exist and may be developed during the trial.' (Citation omitted.)
>
> \*     \*     \*
>
> "The circuit court had jurisdiction over that class of cases of which this suit is a member. It may or may not be shown at the trial that the property in question was subject to garnishment as of the dates of the writs, but plaintiff was entitled to his day in court on this question."

The subject of garnishment in *Joy* was the defendant's interest in the Chrysler Management Trust, which was deemed a common-law trust. Even though the plaintiff in *Joy* sought garnishment before trial and judgment, trial of the issue is also provided for where garnishment is sought after

the judgment. See MCLA 600.8306(1); MSA 27A.8306(1), GCR 1963, 738.10–.11, and DCR 738.9.

In citing *Joy, supra,* the court in *Walden v Crego's Estate,* 288 Mich 564, 572; 285 NW 457 (1939), went on to say:

"Whether or not the court correctly decided that the particular fund was garnishable is not such a jurisdictional question as can be collaterally attacked under the facts and circumstances as presented on appeal."

While the facts of *Walden* involved whether or not an administrator of an estate was subject to garnishment, the prohibition on collateral attack still appears to be a valid point for the present case.

Another case also provides guidance on the topic of subject-matter jurisdiction. *Jackson City Bank & Trust Co v Fredrick,* 271 Mich 538, 545; 260 NW 908 (1935), stated:

"There is a wide difference between a want of jurisdiction, in which case the court has no power to adjudicate at all, and a mistake in the exercise of undoubted jurisdiction, in which case the action of the trial court is not void although it may be subject to direct attack on appeal. This fundamental distinction runs through all the cases.

"When there is a want of jurisdiction over the parties, or the subject-matter, no matter what formalities may have been taken by the trial court, the action thereof is void because of its want of jurisdiction, and consequently its proceedings may be questioned collaterally as well as directly. They are of no more value than as though they did not exist. But in cases where the court has undoubted jurisdiction of the subject matter, and of the parties, the action of the trial court, though involving an erroneous exercise of jurisdiction, which might be taken advantage of by direct appeal, or by direct attack, yet the judgment or decree is not void though it might be set aside for the irregular or erro-

neous exercise of jurisdiction if appealed from. It may not be called in question collaterally."

*Jackson City Bank & Trust Co v Fredrick, supra,* 545–546, also quotes the following:

" 'Want of jurisdiction must be distinguished from error in the exercise of jurisdiction. Where jurisdiction has once attached, mere errors of irregularities in the proceedings, however grave, although they may render the judgment erroneous and subject to be set aside in a proper proceeding for that purpose, will not render the judgment void, and until set aside it is valid and binding for all purposes and cannot be collaterally attacked. Error in the determination of questions of law or fact upon which the court's jurisdiction in the particular case depends, the court having general jurisdiction of the cause and the person, is error in the exercise of jurisdiction. Jurisdiction to make a determination is not dependent upon the correctness of the determination made.' 33 CJ pp 1078, 1079."

This latter, quoted paragraph appears to tie in with the *Joy* case in that the right "to exercise judicial power over that class of cases" would be the court's "general jurisdiction of the cause".

In applying the above case law to the present case, it appears the district court had power by garnishment to apply funds to the satisfaction of a judgment of this state. MCLA 600.8306(1); MSA 27A.8306(1) and MCLA 600.4011(1); MSA 27A.4011(1). The plaintiff and "bank accounts" are within that "class of cases" over which the district court had general jurisdiction. At this point, no statute, including MCLA 400.63; MSA 16.463, precludes a garnishment proceeding from being commenced. Where the funds are claimed to be ex-

empt under the statute, the court must then decide whether or not to exercise its jurisdiction. *Joy v Two-Bit Corp, supra.* Even if the court is in error in determining the funds are subject to garnishment, its decision is binding until attacked directly and may not be attacked collaterally. *Walden v Crego's Estate, supra,* and *Jackson City Bank & Trust Co v Fredrick, supra.* Therefore, the district court correctly granted the defendant's motion for the reason that the earlier action may not be collaterally attacked.[2]

The second issue on appeal is whether, under the particular circumstances of this case, the plaintiff was denied due process of law.[3]

It appears the plaintiff was given notice and an opportunity to be heard in the earlier action on the note. Prior to the garnishment order, she was further notified by the garnishee defendant as required by DCR 738.3(4)(d). In both instances, the plaintiff failed to respond. While she may not have known all her legal rights, she did acquire legal help and file suit soon after the district court ordered the funds to be paid to the defendant. Under these circumstances, the plaintiff has failed to make a meritorious showing that she was denied due process.

Affirmed.

---

[2] As indicated in footnote 1, *supra,* we think that the ADC funds did not lose their exempt status when they were deposited in plaintiff's checking account. Plaintiff's proper remedy, however, is to attack the garnishment directly by filing a motion to set aside the garnishment in the district court, pursuant to DCR 528.3.

[3] This issue was not raised in the district court, but it was raised in the circuit court. Nevertheless, where an issue was not raised in the trial court, it will not be considered for the first time on appeal, absent a showing of a miscarriage of justice. *People v Snow,* 386 Mich 586, 591; 194 NW2d 314 (1972). Therefore, to avoid the possibility of a miscarriage of justice, the issue will be addressed here.